UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID LAMAR HAYES ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:05-0467 |
| ] | Echols/Brown |
| WARDEN GLEN TURNER ] | |
|     Respondent. ] | |

To:    Honorable Robert L. Echols, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By an order (Docket Entry No. 23) entered September 30, 2005, the Court referred this action to the Magistrate Judge " for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 304, L.R.M.P."

Presently pending before the Court are respondent's Motion to Dismiss (Docket Entry No. 18) and petitioner's Traverse to the Motion to Dismiss (Docket Entry No. 21). The undersigned has carefully reviewed these pleadings along with the record as a whole and respectfully concludes that, for the reasons stated below, respondent's Motion to Dismiss has merit and should be granted.

### I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Glen Turner, Warden of the prison, seeking a writ of habeas corpus.

1

In November, 2001, a jury in Rutherford County found the petitioner guilty of thirteen (13) counts of the rape of a child and seven counts of rape. For these crimes, he received an aggregate sentence of two hundred twenty (220) years in prison. On direct appeal, the Tennessee Court of Criminal Appeals affirmed all but one of the convictions. A single rape conviction was reversed for insufficient evidence. The case was remanded to the trial court for entry of amended judgments reflecting an effective sentence of sixty six (66) years in prison (Docket Entry No. 20; Addendum No. 1). The Tennessee Supreme Court later denied petitioner application for further review (Docket Entry No. 20; Addendum No. 2).

## II. PROCEDURAL HISTORY

On June 10, 2005, the petitioner filed the instant petition (Docket Entry No. 1) for federal habeas corpus relief along with two "amended" petitions (Docket Entry Nos. 3 and 4). The petitioner subsequently filed a third "amended" petition (Docket Entry No. 12). While the petition as amended is often convoluted, there are seven claims that can reasonably be gleaned from its content. These claims include

1) prosecutorial misconduct - the prosecutor used false statements to obtain an indictment and solicited false testimony at trial (Docket Entry No. 3);

2) ineffective assistance of counsel - appointed counsel omitted important issues from the direct appeal, withheld trial records from the petitioner, and failed to adequately investigate the case (Docket Entry No. 3);

3) the petitioner was not properly sentenced according to the teachings of <u>Blakeley</u> and <u>Booker</u> (Docket Entry No. 3);

4) the jury pool was tainted by an empaneled juror who had prior felony convictions (Docket Entry No. 3);

5) the evidence was insufficient to sustain the convictions

2

        (Docket Entry No. 3);

6)     a violation of the Confrontation Clause occurred when the judge failed "to instruct the jury on correction of expert eyewitness testimony and identification of the victim records" (Docket Entry No. 4); and

7)     the indictment was insufficient (Docket Entry No. 12).

Upon preliminary review of the petition as amended, the Court determined that this action was not facially frivolous. Rule 4, Rules - - - § 2254 Cases. Accordingly, an order (Docket Entry No. 9) was entered on June 14, 2005 directing the respondent to file an answer, plead or otherwise respond to the petition. The respondent has answered the petition with a Motion to Dismiss (Docket Entry No. 18), to which the petitioner has filed a Traverse (Docket Entry No. 21). Upon consideration of these pleadings and the record, it appears to the undersigned that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. ANALYSIS OF THE CLAIMS

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, a petitioner is required to fairly present his claims to the state courts. Rose v.

3

Case 3:05-cv-00467 Document 24 Filed 11/15/05 Page 3 of 6 PageID #: 293

Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once the federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).

On direct appeal, the petitioner challenged the sufficiency of the evidence to support the convictions and the correctness of his sentences (Docket Entry No. 20; Addendum No. 1). Only the petitioner's sufficiency of the evidence claim can be considered fully exhausted for purposes of federal habeas corpus review.[1] The remaining six claims were never presented to the intermediate appellate court for direct review.

In his Traverse, the petitioner suggests that he attempted to raise the remaining claims in his Rule 11 application to the Tennessee Supreme Court. However, to properly satisfy the exhaustion requirement, a claim must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir.1996). Clearly, the petitioner's remaining claims have not yet been fairly presented to every level of the state court system for consideration.[2] When this occurs, a district court is obliged to dismiss the habeas corpus petition without prejudice to afford the petitioner an opportunity to exhaust his state court remedies. Rose v. Lundy, supra at 455 U.S. 422, 102 S.Ct. 1205.

---

[1] While the petitioner did question the propriety of his sentences on direct appeal, his sentencing claim was based upon errors of state law rather than a conflict arising from Blakeley and Booker.

[2] The petitioner's convictions became final on May 23, 2005, the date the Tennessee Supreme Court denied his Rule 11 application for further review (Docket Entry No. 20; Addendum No. 2). Given the one year limitation period applicable to state post-conviction proceedings, *see* Tenn. Code Ann. § 40-30-202(a), the petitioner may still have an adequate collateral judicial remedy available to him.

4

# R E C O M M E N D A T I O N

Upon consideration of the pleadings and the record in this case, it appears that the respondent's Motion to Dismiss has merit. Accordingly, the Magistrate Judge respectfully RECOMMENDS that respondent's Motion to Dismiss be GRANTED and that this action be DISMISSED without prejudice.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                              Respectfully submitted,

                                              /s/ Joe B. Brown
                                              Joe B. Brown
                                              United States Magistrate Judge

6