UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DAVID LAMAR HAYES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:05-0467 |
| | ) Judge Echols |
| **GLEN TURNER, WARDEN,** | ) |
| | ) |
| Respondent. | ) |

## ORDER

Pending before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Docket Entry No. 24) which recommends granting Respondent's "Motion to Dismiss Without Prejudice" (Docket Entry No. 18) this habeas action brought pursuant to 28 U.S.C. § 2254. Petitioner has filed "objections" to the R & R by way of a "Traverse to Report and Recommendation" and an "Amended Objection to the Report and Recommendation" (Docket Entry Nos. 26 & 30).

The record reflects Petitioner was convicted by a Rutherford County jury on thirteen counts of the rape of a child and seven counts of rape for which he was sentenced to a total of 220 years in prison. Petitioner appealed, but challenged only the sufficiency of the evidence and the correctness of his sentence under state law. The Tennessee Court of Criminal Appeals affirmed Petitioner's convictions but reversed one of the rape charges. The appeals court remanded the case to the trial court for entry of

1

amended judgments reflecting an effective sentence of sixty-six years because of the reversal of one of the charges and because the 220-year sentence was "greater than that deserved" under Tennessee's sentencing scheme even though the crimes were "despicable." State v. Hayes, 2004 WL 1778478 at *9-10 (Tenn. Crim. App. 2004). Application for permission to appeal to the Tennessee Supreme Court was denied by Order dated May 23, 2005. This habeas proceeding followed.

Characterizing the habeas petition as "often convoluted," the Magistrate Judge was nevertheless able to discern seven claims which reasonably could be gleaned from the petition: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; (3) improper sentencing in light of Blakely; (4) a tainted jury pool; (5) insufficiency of the evidence; (6) a violation of the Confrontation Clause; and (7) insufficiency of the Indictment. (Docket Entry No. 24 at 2-3). Because, however, Petitioner only challenged the sufficiency of the evidence and his sentence in state court, the Magistrate Judge found the petition "mixed" and accordingly recommends dismissal without prejudice pursuant to Rose v. Lundy, 455 U.S. 509, 522 (1982). (Id. at 3-5).

Petitioner's objections to the R & R are far from clear. As best as the Court can tell, Petitioner seems to be suggesting that his claims have in fact been presented to the state courts, that if they have not it is due to the ineffectiveness of counsel, and that

2

any failure should be excused because pursuing any such claims would be futile. (See Docket Entry No. 26 at 2-3). Petitioner also appears to be requesting that this Court consider his sufficiency of the evidence claim because it has been exhausted, but then notes he will file post-conviction proceedings in state court and seems to request that his present habeas petition should be held in abeyance until he has exhausted his state law claims. (See, Docket Entry No. 29 at 4-5).

This Court finds no error in the Magistrate Judge's underlying conclusion that the Court should not undertake consideration of any of Petitioner's claims because some of those claims have yet to be considered by the state court. Quite clearly Petitioner has raised a number of claims, but only two of those have been presented to and ruled upon by the state courts. However, instead of dismissing the entire Petition, the Court finds that the claims which have been exhausted should be stayed and those that are unexhausted should be dismissed without prejudice so that Petitioner can pursue those claims in state court.[1]

"Courts are discouraged from considering the merits of 'mixed petitions' (those containing both exhausted and unexhausted claims)[.]" Banks v. Jackson, 2005 WL 2108358 (6th Cir. 2005)(citing

---

[1] It appears Petitioner still has available state remedies. His conviction became final on May 23, 2005 when the Tennessee Supreme Court denied his application for further review and T.C.A. § 40-30-202(a) provides for a one year limitations period for the filing of state post-conviction proceedings.

3

Rose, 455 U.S. at 522.  Instead, "[t]o achieve the objective of Rose v. Lundy, . . . as reinforced by AEDPA . . . which is to assure that a district court will not grant relief on unexhausted claims . . . [a] district court should dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted his/her remedies in state court." Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).  With regard to any claims which have not been exhausted, a petitioner is entitled to a brief period, "normally 30 days," within which to file any such claims in state court and "a similarly brief interval, normally 30 days after state court exhaustion is completed" to return to federal court.  Griffin v. Rogers, 399 F.3d 626, 628 (6th Cir. 2005).  This stay and abeyance procedure was approved by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005).

Accordingly, the Court rules as follows:

(1) The R & R (Docket Entry No. 24) is ACCEPTED with the MODIFICATION that only those claims which have not been exhausted in state court are hereby DISMISSED WITHOUT PREJUDICE while those that have been exhausted are hereby STAYED;

(2) The Respondent's "Motion to Dismiss Without Prejudice" (Docket Entry No. 18) is hereby GRANTED IN PART and DENIED IN PART.  That Motion is granted only with respect to Petitioner's

4

unexhausted claims and those claims are hereby DISMISSED WITHOUT PREJUDICE;

(3) Proceedings on Petitioner's claims relating to the sufficiency of evidence and the propriety of his sentence under state law are hereby STAYED;

(4) Within thirty (30) days of the date of entry of this Order, Petitioner shall commence state court proceedings to exhaust his state remedies with respect to his unexhausted claims and shall return to this Court within thirty (30) days of completing such exhaustion; and

(5) This case is ADMINISTRATIVELY CLOSED pending notification from the Petitioner that he has completed the exhaustion of his state remedies.

IT IS SO ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE